IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| JAMES LEE WILLIS | § | |
| --- | --- | --- |
| | § | |
| Petitioner, | § | |
| | § | NO. 3-07-CV-1520-P |
| VS. | § | NO. 3-07-CV-1522-P |
| | § | NO. 3-07-CV-1523-P |
| NATHANIEL QUARTERMAN, Director | § | NO. 3-07-CV-1524-P |
| Texas Department of Criminal Justice, | § | NO. 3-07-CV-1525-P |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner James Lee Willis, a Texas prisoner, has filed five applications for writs of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, all five writs should be dismissed on limitations grounds.

I.

In 2001 and 2002, petitioner was charged in five separate indictments with engaging in organized criminal activity (Case Nos. F02-00297 & F01-40738), burglary of a building (Case No. F01-32723), and evading arrest (Case Nos. F01-32725 & F02-49520). Petitioner pled guilty to all five charges and was sentenced to concurrent prison terms ranging from 10 to 25 years in each case. No appeal was taken. Instead, petitioner challenged his convictions on state collateral review. His state writs were denied without written orders. *Ex parte Willis*, No. 40,634-02 (Tex. Crim. App. Nov. 26, 2003); *Ex parte Willis*, No. 40,634-03 (Tex. Crim. App. Nov. 26, 2003); *Ex parte Willis*, No. 40,634-05 (Tex. Crim. App. Nov. 26, 2003); *Ex parte Willis*, No. 40,634-06 (Tex. Crim. App.

Nov. 26, 2003); *Ex parte Willis*, No. 40,634-07 (Tex. Crim. App. Feb. 4, 2004). Petitioner now seeks federal habeas relief.

II.

Although petitioner has filed separate writs for each conviction, his claims are identical. Succinctly stated, petitioner contends that: (1) his guilty pleas were involuntary; (2) he received ineffective assistance of counsel; (3) the evidence was insufficient to support his convictions; and (4) he is actually innocent.

Respondent has filed a preliminary response which suggests that these cases may be time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). Petitioner addressed the limitations issue in a written reply filed on December 5, 2007.[1] The court now determines that all five cases should be dismissed on limitations grounds.

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] Although the pleading filed by petitioner is entitled a "motion for default judgment," he makes various arguments as to why his applications for writs of habeas corpus are not barred by the AEDPA statute of limitations. The court therefore treats that portion of petitioner's pleading as a reply to the limitations issue.

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to prison terms ranging from 10 to 25 years following two convictions for engaging in organized criminal activity, one conviction for burglary of a building, and two convictions for evading arrest. Judgments in all five cases were entered on May 2, 2002, and no appeal was taken. Therefore, petitioner's convictions became final for limitations purposes 30 days thereafter on June 1, 2002. *See* TEX. R. APP. P. 26.2(a) (notice of appeal in criminal case must be filed within 30 days after sentence is imposed). Petitioner filed five state writs, one challenging each conviction, on January 27, 2003. Four of the writs were denied on November 26, 2003. The fifth writ was denied on February 4, 2004.

The AEDPA statute of limitations started to run on June 1, 2002, when all five convictions became final. *See* 28 U.S.C. § 2244(d)(1)(A). With respect to petitioner's two convictions for engaging in organized criminal activity, one conviction for burglary of a building, and one conviction for evading arrest, the limitations period was tolled from January 27, 2003 until November 26, 2003,

a total of 304 days, while properly filed for applications for post-conviction relief were pending in state court. *Id.* § 2244(d)(2). With respect to petitioner's other evading arrest conviction, the limitations period was tolled from January 27, 2003 until February 4, 2004, a total of 374 days, while his state writ challenging that conviction was pending. Even allowing for these tolling periods, petitioner waited more than one year to seek habeas relief in federal court.

In an attempt to avoid the dismissal of these cases, petitioner argues that he is actually innocent and reurges the merits of his claims. (*See* Pet. Mot. at 4-6). Equitable tolling is not permitted merely because petitioner believes he is entitled to relief. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) ("Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."). Even a claim of actual innocence does not constitute a "rare and exceptional" circumstance sufficient to toll the AEDPA statute of limitations. *See, e.g. Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.), *cert. denied*, 121 S.Ct. 622 (2000); *Garcia v. Dretke*, No. 3-05-CV-2334-B, 2006 WL 249951 at *2 (N.D. Tex. Jan. 11, 2006), *COA denied*, No. 06-10264 (5th Cir. Sept. 12, 2006) (citing cases).

Petitioner also alludes to "newly discovered evidence" that supports his actual innocence claim. (*See* Pet. Mot. at 4). However, petitioner does not identify this new evidence or explain why it could not have been discovered sooner. Without more, petitioner has not come close to establishing a basis for equitable tolling. *See Tutt v. Dretke*, No. 4-05-CV-0573-Y, 2005 WL 3742815 at *2 (N.D. Tex. Nov. 9, 2005), *COA denied*, No. 05-11471 (5th Cir. Oct. 24, 2006) ("newly discovered evidence" did not warrant equitable tolling where petitioner could have

discovered evidence before or during trial with due diligence).[2]

## RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 21, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner also cites to *Lookingbill v. Cockrell*, 293 F.3d 256 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 878 (2003), wherein the Fifth Circuit held that the "AEDPA's one-year statute of limitations is tolled during the period in which a Texas habeas petitioner has filed [a suggestion or motion for reconsideration]." *Id.* at 261, *quoting Emerson v. Johnson*, 243 F.3d 931, 935 (5th Cir. 2001). However, *Lookingbill* is not applicable to the facts of this case because petitioner never filed a motion for reconsideration after the denial of his application for state post-conviction relief.